**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL CALLAHAN | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV213 (CFD) |
| v. | : | |
| | : | |
| WORLDWIDE WINES, INC., | : | |
| Defendant | : | |
| | : | NOVEMBER 8, 2004 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

     Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Pre-trial Order, the plaintiff submits the following proposed jury instructions.  The plaintiff reserves his right to amend these proposed instructions in response to events which occur during the course of the trial.

- 2 -

1.  **GENERAL PRINCIPLES OF AGENCY** (Supplement to Court's Standard Instructions)

The defendant in this action is a corporation, and acts through its employees. A corporation is liable for the acts of an employee if the employee is a representative with authority, acting within the scope of her employment. An employee is considered a representative of his employer if he is acting on behalf of the corporation and is subject to the corporation's control. If you determine based on the fair preponderance of the evidence that World Wide Wines, Inc., as a corporation, gave Howard Weiss and Gary McCabe general authority to act for it in dealing with the plaintiff, and that they, acting in the scope of their employment, violated the law, then defendant World Wide Wines, Inc. is liable for their acts.

It is established law that under certain circumstances an employer may be liable for the wrongs, even wilful wrongs, done by its representatives if the wrongs are committed during the scope of the employees' employment duties and in furtherance of the employer's business. The employer's liability rests upon a broad principle of public policy, that if a corporation prefers to manage its affairs through another, the corporation is bound to manage them in such a way that no person shall suffer injury from a wrong done by that other, while engaged upon the employer's business and acting within the scope of her employment.

The issue you must consider is the relationship between the wrong allegedly committed by the employee, and the work the employee was hired to do. If you find that the wrong was the result of the employee's attempt to carry out the work entrusted to him, then the defendant is liable for any harm. The fact that the employee was not

- 3 -

specifically authorized to commit the act, or the fact that he was violating instructions which had been given to him does not relieve the defendant from liability.

To summarize, a corporation is liable for the wrongful acts of its representatives when they are committed within the employees' scope of the employment and in the furtherance of the employer's business.  If you find such a situation, I charge you that the wrongful acts by an employee which were not specifically authorized or which were motivated by personal animosity or malice do not relieve the defendant from liability for the resulting injuries.[1]

---

[1] See Devitt & Blackmar, 3 Federal Jury Practice & Instructions, § 71.09 at 26 (4th ed. 1987); Wright, FitzGerald, and Ankerman, Conn. Law of Torts § 63, n. 8 at 161-64 (3rd ed. 1991); Rich-Taubman Assoc. v. Comm'r of Revenue Services, 236 Conn 613, 619, 624, 674 A.2d 805 (1996); Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 500-501, 656 A.2d 1009 (1995); A-G Foods Inc. v. Pepperidge Farm Inc., 216 Conn. 200, 208, 209-10, 529 A.2d 69 (1990); Cardona v. Valentin, 160 Conn. 18, 22, 273 A.3d 697 (1970); Pelletier v. Bilbiles, 154 Conn. 544, 548 (1967); Son v. Hartford Ice Cream Co., 102 Conn. 696, 699, 129 A. 778 (1925); Stickney v. Epstein, 100 Conn. 170, 178-79, 123 A.I (1923); Bank of Montreal v. Gallo, 3 Conn. App. 268, 273, 487 A.2d 1401 (1985), appeal denied, 195 Conn. 803, 491 A.2d 1103 (1985).

- 4 -

## 2. DISCRIMINATION FOR EXERCISING RIGHTS UNDER THE WORKERS' COMPENSATION ACT

The plaintiff claims that the defendant discriminated against him by terminating him after he exercised rights afforded to him by the Workers' Compensation Act by applying for and receiving benefits for injuries sustained while on the job. The plaintiff claims that this conduct violates Section 31-290a of the Connecticut General Statutes or 290a for short. This statute provides that:

> No employer...shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

To prevail on his claim under 290a, the plaintiff has the burden of proving by a preponderance of the evidence that the exercise of his rights under the workers' compensation laws was a motivating factor in the defendant's conduct toward him.

The plaintiff must prove three things to you:

(1) that he engaged in the exercise of rights protected under the Workers' Compensation Act;

(2) that he was discharged; and

(3) that the exercise of his rights was a motivating factor in the defendant's conduct toward him.[2]

The first factor that the plaintiff must prove is that it is more likely than not that he exercised rights afforded to him under the Workers' Compensation Act. It is not

---

[2] Lemmon v. Paterson Const. Co., Inc., 137 Conn. 158, 162, 75 A.2d 385 (1950); Wright, Connecticut Jury Instructions, §14 (Vol. 1, 4th Edition, 1993).

- 5 -

necessary for the plaintiff to prove that his injuries were compensable under the compensation laws.  In the present case it is uncontested that the plaintiff filed claims for work-related injuries, was out-of-work due to those injuries and collected benefits for time lost due to those injuries.  Therefore I instruct you to find that the plaintiff has met his burden with respect to the first factor under 290a.[3]

The second factor that the plaintiff must prove by the preponderance of the evidence is that he was discharged or otherwise discriminated against.  In this case there is no dispute that Michael Callahan was discharged.  Accordingly, I instruct you to find for the plaintiff on this element as well.[4]

The last element with respect to the worker's compensation retaliation claim is that the plaintiff's exercise of his rights under the Act was a motivating factor in the defendant's decision to select him for termination.  The plaintiff does not need to prove that this was the only factor in the defendant's decision so long as it was a factor that motivated the defendant, or contributed to the defendant's decision.  In other words, you should find for the plaintiff if you conclude that the plaintiff's exercise of rights under the Workers' Compensation Act made a difference in the defendant's decision.

In order to determine whether the plaintiff's exercise of rights was a motivating factor, you should consider all of the evidence that may be available.  The plaintiff is not

---

[3] State v. Gonski, 155 Conn. 463, 467-8, 232 A.2d 483; Blados, 151 Conn. 391, 395, 198 A.2d 213 (1964); Lemmon, et al. v. Paterson Const. Co., Inc., 137 Conn. 158, 162, 75 A.2d 385 (1950);  Wright, Connecticut Jury Instructions, §14(a) (Vol. 1, 4th Edition, 1993).

[4] Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266, 97 S.Ct. 555 (1977); Blados, 151 Conn. 391, 395, 198 A.2d 213 (1964); Wright, Connecticut Jury Instructions, §327 (Vol. 1, 4th Ed. 1993).

- 6 -

required to produce direct evidence that he was terminated because of his exercise of rights protected under the Act.  Employers rarely admit that they have terminated an individual for reasons expressly forbidden by law.  An intent to retaliate or discriminate must often be proved circumstantially and may be inferred by the existence of other facts.  Your job as jurors will be to analyze all of the facts and circumstances and to determine whether the plaintiff has proven that it is more likely than not that the plaintiff's exercise of his rights was a motivating factor in the defendant's decision to terminate the plaintiff.

Among the circumstantial evidence that you may consider in order to determine whether the defendant's intent or motive was discriminatory is whether the reasons offered by the defendant for its action are believable or whether they are a pretext for discrimination.  A pretext is simply another word for cover-up.  If you find that the defendant's reasons are not worthy of belief, this alone may be sufficient to establish that the defendant's actions were taken with a discriminatory motive.  However, that is up to you to determine based on all of the facts.[5]

---

[5]  Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995); Rose v. James River Paper Company, 2 F. Supp. 2nd 245, 250 (D. Conn. 1998); Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991).  Chertkova v. Connecticut General, 92 F.3d 81, 89 (2nd Cir. 1996); Lopez v. S.B. Thomas Inc., 831 F.2d 1184, 1188 (2nd Cir. 1987); Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2nd Cir. 1983); Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir. 1996); Danzer v. Norden Systems Inc., 151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir. 1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305,

- 7 -

### 3.     **RETALIATION FOR EXERCISING RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA)**

The Family Medical leave Act (FMLA) prohibits discrimination or retaliating against any employee who exercises their rights under the FMLA to take approved time off the job for serious medical reasons.  To prevail on his claim that Worldwide Wines retaliated against him for the medical leave he exercised, the plaintiff has to show, by a preponderance of the evidence, that his termination was motivated by his exercise of rights granted him under FMLA.

In proving that retaliation was a motivating factor in his discharge, the plaintiff must show several things.  He must demonstrate that he exercised rights protected by the FMLA that he suffered an adverse employment action.  Since it is undisputed that the plaintiff took FMLA leave for treatment of his Hepatitis C you may find that plaintiff has proven the first element.  Similarly, it is undisputed that the plaintiff was terminated, therefore you may find that the plaintiff has proven the second element of the claim. The third factor you must decide is whether or not the plaintiff's exercise of those FMLA rights were a motivating factor in the defendant's decision to terminate his employment.

The plaintiff does not need to prove that this was the only factor in the defendant's decision so long as it was a factor that motivated the defendant, or contributed to the defendant's decision.  In other words, you should find for the plaintiff

---

312 (2nd Cir. 1998); <u>Stratton v. Department for the Aging for the City of New York</u>, 132 F.3d 869 (2nd Cir. 1997); <u>Renz v. Grey Advertising</u>, 135 F.3d 217, 222 (2nd Cir. 1997); <u>Cronin v. AetnaLife Insurance Co.</u>, 46 F.3d 196, 203 (2nd Cir. 1995); <u>Owens v. New York Housing Authority</u>, 934 F.2d 405, 409 (2d Cir.) <u>cert</u> <u>denied</u>, 112 S. Ct. 431 (1991); <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); <u>Luciano v. The Olsted Corporation</u>, 110 F.3d 210, 215 (2nd Cir. 1997); <u>Reeves v. Sanderson Plumbing Products</u>, 530 U.S. 133 (2000).

- 8 -

if you conclude that the plaintiff's exercise of rights under the FMLA made a difference in the defendant's decision.

In order to determine whether the plaintiff's exercise of his FMLA rights was a motivating factor in his discharge, you should consider all of the evidence that may be available. The plaintiff is not required to produce direct evidence that he was terminated because of his exercise of rights protected by the FMLA. Employers rarely admit that they have terminated an individual for reasons expressly forbidden by law. An intent to retaliate or discriminate must often be proved circumstantially and may be inferred by the existence of other facts. Your job as jurors will be to analyze all of the facts and circumstances and to determine whether the plaintiff has proven that it is more likely than not that the plaintiff's exercise of his rights was a motivating factor in the defendant's decision to terminate the plaintiff.

Among the circumstantial evidence that you may consider in order to determine whether the defendant's intent or motive was discriminatory is whether the reasons offered by the defendant for its action are believable or whether they are a pretext for discrimination. A pretext is simply another word for cover-up. If you find that the defendant's reasons are not worthy of belief, this alone may be sufficient to establish that the defendant's actions were taken with a discriminatory motive. However, that is up to you to determine based on all of the facts.[6] [7]

---

[6] Potenza v. City of New York, 365 F. 3d 165 167-168 (2d cir. 2004); Mann. v. Mass. Correa Elec. J.V., 2002 WL 88915 (S.D.N.Y. 2002); Reeves v. Sanderson Plumbing, 530 U.S. 133 (2000).

[7] Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973);

- 9 -

---

O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995); Rose v. James River Paper Company, 2 F. Supp. 2nd 245, 250 (D. Conn. 1998); Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991).  Chertkova v. Connecticut General, 92 F.3d 81, 89 (2nd Cir. 1996); Lopez v. S.B. Thomas Inc., 831 F.2d 1184, 1188 (2nd Cir. 1987); Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2nd Cir. 1983); Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir. 1996); Danzer v. Norden Systems Inc., 151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir. 1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2nd Cir. 1998); Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2nd Cir. 1997); Renz v. Grey Advertising, 135 F.3d 217, 222 (2nd Cir. 1997); Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2nd Cir. 1995); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991); Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); Luciano v. The Olsted Corporation, 110 F.3d 210, 215 (2nd Cir. 1997).

- 10 -

## 4.  DAMAGES - GENERAL PRINCIPLES

Now if you have found for the defendant on each of the plaintiff's claims, you need not consider damages. However, if you have found for the plaintiff on any of his claims, you must next consider the issue of damages. You should bear in mind that the plaintiff has the burden of proving by the preponderance of the evidence both that he was damaged and the extent of those damages. The amount of damages must be reasonably calculated to make him whole for the injuries that he has suffered as a result of any violations that you might find.

In the final arguments counsel have stated a certain sum of money which they claim should be awarded by you. Now counsel has the right to make such a claim, but such argument is not evidence, and the award of damages is solely your function.

Before I instruct you on the issue of damages, a few words of caution are in order.

The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Instructions on damages are given for your guidance in the event you do reach the issue of damages. The issue of damages should only be considered in the event you find in favor of the plaintiff in accordance with the other instructions I have given you. Whether you should or should not reach the issue of damages with regard to the plaintiff is for you to decide.

You must not construe the defendant's presentation of evidence on the issue of damages to be an admission that they are liable or that the plaintiff is entitled to any damages. The defendant is required to address the issue of damages or it would have

- 11 -

lost its opportunity to do so. You should only consider the issue of damages - and the evidence presented on that issue - if you determine that the defendant violated the plaintiff's rights.[8]

---

[8] Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991); Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998).

- 12 -

**5.    DAMAGES - ECONOMIC LOSSES**

In general, if you find for Mr. Callahan on his claim that he was discriminated against in violation of 290a or that the defendant retaliated against him for exercising his rights under the FMLA, he is entitled to be made whole for any resultant economic losses and consequential losses he sustained because of the defendant's conduct. These economic damages include lost wages and benefits from the date of Mr. Callahan's termination as well as any other economic losses he has been able to prove to you such as money paid for out-of-pocket medical expenses or premiums.  You should deduct from this amount any earnings which the plaintiff has had from other employment since the date of his termination.

In calculating these damages you should include in the amount any salary increases and bonuses as well as benefits you may find that the plaintiff would have received had he not been terminated.

The law places a burden upon the plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary that Mr. Callahan prove the amount of any damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances.  You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimation or approximation is shown with reasonable certainty.

Your award of damages should also include prejudgment interest on the monies due at the rate of 10 percent a year.  Such interest runs from the time that the money was due.  Therefore if you find for the plaintiff on the issue of economic damages and

- 13 -

award damages for any loss of pay, you may add to such damages interest at a rate of 10 percent a year from the date the loss of pay was suffered. [9]

---

[9] Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991); Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975); Mertens v. Hewitt Associates, 508 U.S. 248, 113 S. Ct. 2063, 2064 (1993); Abermarle Paper Co. v, Moody, 422 U.S. 405, 419 (1975); EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 841 (6th Cir. 1994); Sands v. Runyon, 28 F.3d 1323, 1327 (2nd Cir. 1994); Thurston v. TWA, 713 F.2d 940; 956 (2nd Cir. 1983), *aff'd in part* 469 U.S. 111 (1985); Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042 (1978); Bernheim v. Litt, 79 F.3d 318, 325-6 (2nd Cir. 1996); Modern Federal Jury Instructions, §104.06 87-87. Conn. Gen. Stat. §37-3b; Hennessy,864 F. Supp. 759, 765 (N.D.III. 1994); Collier v. State of CT, Dept. of Public Safety, 1999 WL 300643 (Conn. Supp. 999); Gaudio v. Griffin Health Services Corp., 249 Conn. 523 (1999).

- 14 -

6.  **MITIGATION OF DAMAGES**[10]

Even if you find that the defendant, by its actions, has harmed the plaintiff, the plaintiff is also obligated to use reasonable care to minimize the resulting losses and damages caused by the defendant's actions. A person who is damaged as a result of wrongful conduct by another has a duty under the law to use reasonable efforts to mitigate his damages.

The burden is on Worldwide Wines to prove that the plaintiff has not satisfied his duty to minimize his damages. For you to find that the plaintiff failed to mitigate his damages, the defendant must prove to you two things with regard to the plaintiff. First, the defendant must show that the plaintiff did not use reasonable diligence in seeking employment. A plaintiff fails to use reasonable diligence when he could have sought employment at the same or comparable salary level and did not. Second, the defendant must also prove to you that if the plaintiff exercised such diligence, there was a reasonable likelihood that he would have found comparable work.

Only if you find that Worldwide Wines has proven that the plaintiff failed to look for comparable work, <u>and</u> that the plaintiff could have found comparable work if he did look for it, may you find that the plaintiff failed to mitigate his damages. If you find that the plaintiff could have obtained comparable employment if he continued to look and that he unreasonably failed to do so, then you should deny recovery for the period of

---

[10] The plaintiff does not believe that the evidence in this case is sufficient to support a finding that he failed to mitigate his damages and therefore no jury charge should be given on this subject. This proposed jury instruction is being provided for consideration only in the event the Court disagrees and determines that sufficient evidence exists to submit the failure to mitigate defense to the jury.

- 15 -

time after which he stopped looking because he would have failed to mitigate his damages with regard to that time period.

     Bear in mind that the question of whether the plaintiff has acted "reasonably" with respect to mitigation of damages is one for you to decide, as sole judges of the facts. The defendant has the burden of proving that the plaintiff's conduct was not reasonable and that his damages could have been avoided or reduced through reasonable effort. In deciding whether to reduce Mr. Callahan's damages due to a failure to mitigate, you should weigh all the evidence in the case. If failure to mitigate damages has been proven, you may consider that failure in determining the amount of damages that should be paid.[11]

---

[11] Ann Howard's Apricots Restaurant, 237 Conn 209, 229 (1996); Preston v. Keith, 217 Conn 12, 21-22 (1991); Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992); Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997); Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695-696 (2d Cir. 1998).

- 16 -

**7.     PUNITIVE DAMAGES**

A second type of damages you can award the plaintiff is punitive damages on his claim of retaliatory discharge under the workers' compensation statues.  You may award punitive damages if you find that the plaintiff has proven by a preponderance of the evidence that the defendant acted with reckless indifference to the rights of the plaintiff or committed an intentional and wanton violation of those rights.  In determining whether the conduct was intentional or wanton or whether the defendant acted with reckless indifference to the plaintiff's rights, you must consider what occurred in light of all the facts involved.

In Connecticut punitive damages are assessed not to punish the defendant but to compensate the plaintiff.  Accordingly punitive damages are set as the amount the plaintiff would pay in fees and costs to his attorneys for bringing this action.  If you find for the plaintiff and award him punitive damages, I instruct you that you do not need to calculate those damages, rather the Court will apply the required formula and set the amount.[12]

---

[12]  Freeman v. Alamo Management Co., 221 Conn. 674, 683 (1992); L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 38 (1986); Hanna v. Sweeney, 78 Conn.  492 (1906); Lentine v. McAvoy, 105 Conn 528, 531 (1927); Chykirda v. Yanush, 131 Conn. 565, 568 (1945); Ford v. Blue Cross-Blue Shield of Connecticut, 216 Conn. 40, 59 n.4 (1990); Berry v.  Loiseau, 223 Conn 786, 827 (1992); Miller v. Drovin, 183 Conn. 189, 190 (1981). Gargano v. Heyman, 203 Conn. 616, 622 (1987); Sorrention v. All Season Services, Inc. , 245 Conn. 756, 775 (1998).