UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL CALLAHAN | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV213 (CFD) |
| v. | : | |
| | : | |
| WORLDWIDE WINES, INC., | : | |
| Defendant | : | |
| | : | NOVEMBER 8, 2004 |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Pretrial Order, Defendant hereby submits its proposed jury instructions. Defendant reserves the right to amend these proposed jury instructions depending upon the Court's review and the course of the trial.

### A. Workers' Compensation Retaliation

1. Conn. Gen. Stat. Section 31-290a states, in pertinent part:

> [n]o employer . . . shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

Conn. Gen. Stat. Section 31-290a.

2. To prevail in his claim of a retaliatory discharge under Conn. Gen. Stat. Section 31-290a, Plaintiff is required to prove by a preponderance of the evidence that:

    (1) he has filed a claim for workers' compensation benefits or otherwise exercised his rights under Chapter 568 of the Connecticut General Statutes;

    (2) he was disadvantaged by an employment action; and

    (3) a causal connection exists between the protected activity and the adverse employment action.

Hill v. Pinkerton Sec. & Investigation Servs., Inc., 977 F.Supp. 148, 158 (D.Conn. 1997).

In this case it is not disputed that the Plaintiff filed at various times claims for Workers' Compensation benefits, and therefore I instruct you that the Plaintiff has proven that element of his case.

It is also undisputed that the Plaintiff was terminated from his employment as a truck driver. I therefore instruct you that Plaintiff has proven the second element of his case.

3. Plaintiff has the initial burden to produce some evidence from which you can reasonably infer that the Defendant's action occurred in substantial part because she had exercised her rights under the statute.

If you find that Plaintiff has not produced such evidence with which to satisfy his initial burden, you must find for the Defendant.

Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

If you, the jury, determine that Plaintiff has produced enough evidence to create an inference of an improper motive on the part of Defendant, the burden then shifts to Defendant to produce evidence that it terminated Plaintiff for some legitimate, nondiscriminatory reason.

Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

A legitimate non-discriminatory reason is any reason or explanation unrelated to Plaintiff's workers' compensation claims.  In considering the legitimate, non-discriminatory reason stated by Defendant for its decision, you are not to second guess that decision or otherwise substitute your judgment for that of Defendant.

In this case, Defendant has produced evidence that it terminated Plaintiff because he failed to perform his job adequately as measured by a productivity formula and the observations of his coworkers.  I therefore instruct you that should you reach this issue, Defendant has satisfied its burden.

Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

4. In this case, the ultimate burden of persuading you, the jury, that Defendant intentionally discriminated and/or retaliated against Plaintiff because of his workers' compensation claims remains at all times with Plaintiff. Defendant is therefore not required to prove that its decision was actually motived by the stated legitimate, non-discriminatory reason. It is enough that Defendant is motivated by some legitimate, non-discriminatory reason.

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256; Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

You may choose not to accept the explanation offered by Defendant for its actions either if you disbelieve the explanation offered or if you find that the proffered explanation really is a pretext for discrimination.

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

5. Plaintiff can attempt to prove to you, the jury, pretext by persuading you by a preponderance of the evidence that his workers' compensation claims were more likely the reason for Defendant's decision than the reason stated by Defendant.

Plaintiff can also attempt to prove that Defendant's stated reason for its decision to terminate him is a pretext by persuading you that it is just not believable.  However, it is not enough for Plaintiff to merely prove that Defendant's stated reason for its decision was not the true reason.  Plaintiff always must prove by a preponderance of the evidence that he was terminated because of his workers' compensation claims.  Therefore, even if you decide that Defendant did not truly rely on the stated reason for its decision to terminate Plaintiff, you cannot decide in favor of Plaintiff without further evidence that his workers' compensation claims were a motivating factor in Defendant's decision.

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40, 53-55 (1990).

6. In considering whether Plaintiff has satisfied his ultimate burden, it is not enough that there is a connection in time between his worker's compensation claims and his termination. Plaintiff must present some other evidence of a retaliatory motive.

LaJeunesse v. Great Atlantic & Pacific Tea Company, 160 F.Supp.2d 324, 334 (D.Conn. 2001); Gallo v. Eaton Corp., 122 F.Supp.2d 293, 303-04 (D.Conn. 2000).

7. Section 31-290a does not require an employer to retain an employee unable to perform his or her work, whether or not that inability resulted from a work related injury or illness. Plaintiff has no more protection than any other employee against legitimate disciplinary action.

Plaintiff has alleged that he was qualified for his position and claims that at all times he performed his job satisfactorily.

Defendant claims that Plaintiff would have been terminated regardless of his filing for workers' compensation benefits because of his poor performance under the productivity formula. In this case, it is undisputed that Defendant adopted and applied a productivity formula before and independently from Plaintiff's workers' compensation claims.

If you find that Defendant would have terminated Plaintiff regardless of his filing for worker's compensations benefits, you must find for Defendant.

Erisoty v. Merrow Machine Co., 34 Conn. App. 709, 713, cert denied, 231 Conn. 908 (1994).

**B. FMLA Retaliation**

8. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. Section 2601, et seq. is a federal statute designed to provide employees with the right to "take reasonable leave for medical reasons ... in a manner that accommodates the legitimate interests of employers."

29 U.S.C. Section 2601(b)(2) and (3).

9. The FMLA entitles eligible employees to take a total of 12 weeks of family or medical leave during a 12 month period. In this case, it is not disputed that Plaintiff was an eligible employee entitled to up to 12 weeks of leave.

29 U.S.C. Section 2612(a)(1); 29 C.F.R. 825.112(a).

10. An employer is covered by the FMLA if it has employed 50 or more employees for each working day during 20 or more calendar work weeks in the preceding calendar year. In this case it is not disputed that Defendant Worldwide Wines, Inc. is a covered employer.

29 U.S.C. 2611(4)(A)(I).

11. Under the FMLA, is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."

Section 2615(a)(1)

It is also unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

29 U.S.C. Section 2615(a)(2).

Together those two sections of the FMLA provide a cause of action against an employer for discriminating and/or retaliating against an employee who exercises his rights under the FMLA. Plaintiff has brought just such a claim in this case.

12. In order to recover under the FMLA for discrimination and/or retaliation, the Plaintiff must prove each of the following elements of his claim by a preponderance of the evidence:

    1) that he exercised rights protected under the FMLA;

    2) he was qualified for the position;

    3) he suffered an adverse employment action; and

    4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory or retaliatory intent.

Geromanos v. Columbia University, 322 F.Supp.2d 420, 433-34 (S.D.N.Y. 2004), citing Potenza v. City of New York, 365 F.3d 165, 167-8 (2d Cir. 2004); Walker v. The Access Agency, 2004 WL 2216526, *8 (D.Conn. August 31, 2004).

In this case, there is no dispute that Plaintiff exercised protected rights under the FMLA and therefore I instruct you that Plaintiff has established the first element of his claim.

13. As part of the second element of his claim, Plaintiff must prove that he was qualified for the position of delivery truck driver with Defendant.

Plaintiff has alleged that he was qualified for his position and claims that at all times he performed his job satisfactorily.

Defendant claims that the Plaintiff was not qualified for his position because he failed to meet its productivity requirements.

In this case, the ultimate burden of persuading you, the jury that the Plaintiff was qualified for his position remains at all times with the Plaintiff.  In considering Defendant's productivity requirements, you are not to second guess the adoption or requirements of the  productivity formula or otherwise substitute your judgment for that of Defendant.

That is because under the FMLA, Plaintiff has no more protection than any other employee against legitimate disciplinary action.  In this case, there it is undisputed independently from and before Plaintiff made any claim for FMLA benefits, the employer adopted a productivity formula which measured the performance of drivers including Plaintiff.  Plaintiff is not protected from Defendant's application to or evaluation under that formula or any other valid criteria simply because he filed a claim for FMLA benefits.

In order to prove his case, Plaintiff is required to provide some tangible evidence that Defendant's evaluation of his performance under the productivity formula was false or was not genuine.

If you find that Plaintiff has not proven this element of his claim by a preponderance of the evidence, you must find for Defendant.

Hite v. Biomet, Inc., 53 F.Supp.2d 1013, 1019 (N.D.Ind. 1999): Gunnell v. Utah Valley State College , 152 F.3d 1253, 1262 (10th Cir. 1998); Bond, 77 F.Supp.2d at 304, citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988).

14. With respect to the third element of Plaintiff's claim, there is no dispute that he was subjected to an adverse employment action - termination - and therefore I instruct you that  Plaintiff has established that element of his claim.

15. To prove the fourth element of his claim, Plaintiff must prove by a preponderance of the evidence that there was a "causal connection" between his use of FMLA leave time and his termination.  No connection is presumed between and Plaintiff is requires to prove this  element of his case separately and independently.

Hite v. Biomet, Inc., 53 F.Supp.2d 1013, 1019 (N.D.Ind. 1999).

16. To prove this element, Plaintiff must show by a preponderance of the evidence that his taking of leave was a motivating factor in Defendant's decision.  The term "motivating factor" means a substantial, determining factor, that is a factor which made a difference in Defendant's decision to terminate Plaintiff.

Model Jury Instructions (Civil) Eight Circuit Section 5.01 n. 6 (1999).

17. Because Plaintiff has raised the issue of whether Defendant discriminated and/or retaliated against him for having taken FMLA leave, the question of intent is relevant. The issue becomes whether Defendant's actions were motivated by an impermissible retaliatory or discriminatory animus.

Geromanos v. Columbia University, 322 F.Supp.2d 420, 433-34 (S.D.N.Y. 2004), citing Potenza v. City of New York, 365 F.3d 165, 167-8 (2d Cir. 2004); Walker v. The Access Agency, 2004 WL 2216526, *8 (D.Conn. August 31, 2004).

18. In considering the question of intent, you may consider the fact that FMLA allows an employer to substitute accrued vacation leave, personal, or medical or sick leave for any part of the twelve week FMLA leave.

You may also consider the fact that Defendant gave Plaintiff more FMLA leave time than he was otherwise entitled to. In this case, Defendant gave Plaintiff more than two weeks of additional leave time and did not require Plaintiff to use his vacation time while out during the first 12 weeks of leave.

You may consider such actions as evidence that is contrary to or contradicts Plaintiff's claim.

Hite v. Biomet, Inc., 53 F.Supp.2d 1013, 1019 (N.D.Ind. 1999); Johnson v. Univ. of Wis.-Eau Claire, 70 F.3d 469, 480 (7th Cir. 1995); See also Greene v. Dialysis Clinic, Inc., 159 F.Supp.2d 228 (W.D.N.C. 2001); 29 U.S.C. Section 2612(d)(2)(B).

19. As I said before, Plaintiff has no more protection than any other employee against legitimate disciplinary action. In this case, Defendant adopted and applied a productivity formula before and independently from Plaintiff's use of FMLA time.

Plaintiff has alleged that he was qualified for his position and claims that at all times he performed his job satisfactorily.

Defendant claims that Plaintiff would have been terminated regardless of his use of FMLA time because of his poor performance under the productivity formula.

If you find that Defendant would have terminated Plaintiff regardless of his use of FMLA leave, you must find for Defendant.

Hite v. Biomet, Inc., 53 F.Supp.2d 1013, 1019 (N.D.Ind. 1999); Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262 (10th Cir. 1998).

**C. Damages**

20. If Plaintiff has proven his claims against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given you instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable on the specific claims presented. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

Federal Employment Jury Instructions, Chapter 8:850, citing <u>McDonald v. ISK Biosciences, Inc.</u>, C.A. No. H-95-4730 (S.D.Tex. 1999).

21. In this case, Plaintiff is seeking monetary damages. It is Plaintiff's burden of to prove by a preponderance of the evidence that he actually suffered damages and that such damages were directly caused by Defendant.

If you find for Plaintiff, then you must award the amount you find justified that Plaintiff incurred as a result of Defendant's actions. Under both Conn. Gen. Stat. Section 31-290a and the FMLA, Plaintiff's recovery is limited to an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of the violation.

Damages cannot be based on speculation or guesswork because only actual damages - what the law calls compensatory damages - can be recovered. However, Plaintiff should not be penalized because he is unable to calculate his damages exactly. He is required to provide a reasonable basis for estimating damages.

In awarding damages, Plaintiff cannot recover twice for the same losses and any damages you may assess should compensate Plaintiff once. Damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant.

ABA Model Jury Instructions.

22. You are instructed that Plaintiff has a duty under the law to "mitigate" his damages - that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find by the preponderance of the evidence that Plaintiff has failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

You are the sole judge of whether Plaintiff failed to exercise reasonable diligence in seeking other employment after he was discharged by Defendant. Defendant must prove, by a preponderance of the evidence, that Plaintiff failed to use reasonable diligence in seeking other employment.

Ford Motor Credit v. EEOC, 458 U.S. 219- 231-2 (1982); <u>Frazier v. Iowa Beef Processors, Inc.</u>, 200 F.3d 1190, 1196 (8th Cir. 2000).

23. In addition, Conn. Gen. Stat. Section 31-308a provides, in relevant part, that:

> [t]he commissioner . . . may award additional compensation benefits for such

> partial permanent disability equal to seventy-five per cent of the difference between the wages currently earned by an employee in a position comparable to the position to the position held by such injured employee prior to his injury.

Conn. Gen. Stat. Section 31-308a

24. Under Conn. Gen. Stat. Section 31-208a, benefits are paid for the partial loss of earning power caused by a work-related injury. They are "available when the employee is 'unable to perform some employment, but [is] unable to fully perform his or her customary work . . . [P]artial incapacity benefits are available when an actual wage loss has resulted from an injury, providing a wage supplement for the difference between the wages the worker would have earned, but for the injury, and the wages the worker currently is able to earn.'"

Rayhall v. Akim Company, Inc., 263 Conn. 328, 350 (2003), citing Conn. Gen. Stat. Section 31-308a.

In this case, there is no dispute that Plaintiff filed claims for benefits under Conn. Gen. Stat. Section 31-308a on the grounds that the back injuries he suffered while he worked at Worldwide Wines prevented him from performing his customary trade as a truck driver.

It is also undisputed that Plaintiff accepted wage payments from March 20, 2001 to April 30, 2001 and tuition expenses for the 2001-2002 school year to attend New England Technical Institute in Hamden, Connecticut.

As a matter of law, Plaintiff cannot receive damages resulting from lost wages or other benefits of employment for any period of time during which he accepted benefits. Therefore, I instruct you that, even if you find for the Plaintiff, he is not entitled to any such damages for wage or benefit losses during those periods of time.

Mitchell v. Washingtonville Cent. School Dist., 190 F.3d 1, 6-7 (2d Cir. 19900; Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 598, 600-605 (9th Cir. 1996); Al-Khatatbeh v. Aramark Educ. Resources, Inc., 2002 WL 31466486, *5 (D.Or Mar. 21, 2002).

You should not construe this instruction to mean that you must find for Plaintiff or that he suffered any other damages during any other period of time.